[Crim. No. 13372.    Second Dist., Div. Two.    July 9, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. RAY WILLIAMS, Defendant and Appellant.

Victor Dobrin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Loren Miller, Jr., Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, Acting P. J.—After a jury trial appellant was convicted of three counts of armed robbery and one count of attempted robbery. Three of these crimes were committed on

the night of July 31, 1966, and the fourth on the night of August 4, 1966, and all occurred in the same vicinity in the City of Los Angeles. All four victims of this predatory criminal identified him. His guilt was established beyond the faintest shadow of a doubt and is not questioned. ▇ His sole contention is that he "was the victim of an unlawful arrest and an illegal search and seizure."

On August 4, 1966, at approximately 4 a.m., Officer Robert G. Rozzi and his partner Officer Albert Kakita of the Los Angeles Police Department were on patrol driving westbound on 20th Street about one-half block east of Ellendale Place in the City and County of Los Angeles. Officer Rozzi observed a vehicle with a female driving and traveling with dimmed lights southbound on Ellendale Place and then watched it stop at the intersection of Ellendale Place and 20th Street. Officer Rozzi, observing that the vehicle remained stopped at the intersection for an unusually long period of time, pulled his police vehicle in front of it. Officer Rozzi and his partner Officer Kakita got out of their police vehicle and approached the car which was standing in one of the lanes of traffic.

Officer Kakita approached the driver and Officer Rozzi approached the passenger side where appellant was seated. Officer Rozzi heard Officer Kakita ask the driver whether there was any trouble with the vehicle. Receiving no reply, Officer Kakita asked her for her driver's license. Officer Rozzi heard the driver say that she did not have a driver's license, that she was learning to drive and that her husband was teaching her. Officer Rozzi then asked appellant if he had a driver's license or any identification. Appellant replied that he didn't have a license and that he didn't need one to teach his wife to drive. Appellant further stated that he had no other identification in his possession.

Officer Rozzi thereupon looked into the vehicle and observed various small hand tools, some of which are commonly associated with burglaries. Officer Rozzi then asked appellant to step out of the automobile. When appellant alighted from the vehicle, Officer Rozzi observed that appellant's physical appearance matched the description of a lone robber who had robbed three pedestrians several days before. Officer Rozzi then conducted a pat-down search of appellant's person and felt what appeared to be a wallet. Officer Rozzi again asked appellant for identification and appellant produced the wallet with two temporary driver's licenses and two social security cards. One of the licenses and one of the social security cards

were in the name of Herbert Williams; the other driver's license and social security card were in the name of Alexander Oliver, Jr.

Appellant was asked if he was Herbert Williams and he said "no," that Herbert Williams was his brother and that Alexander Oliver, Jr., was a friend for whom he was holding the cards.

Officer Rozzi then ran "a make" on Herbert Williams, Alexander Oliver, Jr., Ray Williams, appellant, and Sadie Williams, the female driver of the vehicle, with the Central Records Division of the Los Angeles Police Department. The result was a report that Herbert Williams had three outstanding traffic warrants; that Alexander Oliver, Jr., was a suspect in a grand theft; and that Sadie Williams had an outstanding traffic warrant.

Officer Rozzi again asked appellant whether he was Herbert Williams or Alexander Oliver, Jr., and appellant replied "no," that he was Ray Williams. Officer Rozzi then conducted a search of the vehicle and discovered under the seat a blue-steel automatic pistol and a wallet. The driver's license inside the wallet was in the name of Frelon Adams, who was the victim of one of the robberies of which appellant was convicted. Officer Rozzi then returned to the police vehicle, placed appellant and Sadie Williams under arrest for robbery and advised them as to their rights.

Officer Kakita, after the arrest of appellant and Sadie Williams, searched the driver's side of the vehicle and found a box of .38 special cartridges. The .38 automatic pistol, the wallet, and the box of .38 special cartridges were taken to the police station and booked as property by Officer Kakita. Appellant offered no defense and put on no evidence.

In seeking a reversal appellant places his primary reliance upon the decision of this court in *People* v. *Henze,* 253 Cal. App.2d 986 [61 Cal.Rptr. 545]. He argues that the original detention of the vehicle in which he was riding and the initial investigatory procedures followed by the police officers were illegal. We conclude that the reach of the decision in *People* v. *Henze, supra,* does not extend far enough to support his contention. Indeed, the language of the majority opinion in *Henze* argues against appellant's position only less strongly than does that of the dissent. Other applicable and controlling precedents demonstrate that the police action taken by the officers in this case was in all respects reasonable and legal. (*People* v. *Mickelson,* 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380

P.2d 658]; *People* v. *Martin,* 46 Cal.2d 106, 108 [293 P.2d 52]; *People* v. *Cowman,* 223 Cal.App.2d 109, 111-118 [35 Cal. Rptr. 528]; *Rios* v. *United States,* 364 U.S. 253, 255-256 [4 L.Ed.2d 1688, 1690-1691, 80 S.Ct. 1431].)

The unusual circumstances of the case presented to the officers involved in the case at bench included the conduct of the driver of the vehicle in which appellant was riding in approaching the boulevard stop with dimmed headlights and allowing the vehicle to remain stationary at the intersection for a noticeable period of time. The officers were aware that the area in which the vehicle was stopped was one in which there had been a high incidence of burglaries and robberies, some of which had been recently reported. These activities were observed in the night time at approximately 4 a.m. The natural inquiry of the officer designed to ascertain whether or not the vehicle was disabled was followed by observations of obvious significance. The officers observed that in age, size and build appellant resembled the description which had been given them of a lone robber who had held up several pedestrians only a few nights previously. No argument is required to support the proposition that subsequent observations and discoveries made by the officers justified his arrest and the incidental searches of him and the vehicle.

The judgment is affirmed.

Fleming, J., and Nutter, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.